**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Southern Division**

| | |
|---|---|
| **William SANDY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**SUPERVALU, Inc., d/b/a** )<br>**SHOPPERS FOOD WAREHOUSE, et al.** )<br>)<br>**Defendants.** )<br>_____ ) | Case No. CBD 05-353 |

## MEMORANDUM OPINION GRANTING DEFENDANT'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff William Sandy, filed this removed negligence action against Defendant SuperValu, Inc.[1] Plaintiff alleges one federal cause of action and several state tort causes of action arising from an incident on March 5, 2004, at the Shoppers Food Warehouse ("Shoppers") located in Tacoma Park, Maryland. Now before this Court is Defendant Shoppers' Motion for Partial Summary Judgment ("Defendant's Motion")(Docket Item No. 15), the opposition, and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons below, the Court hereby GRANTS Defendant's Motion.

---

[1] Shoppers Food Warehouse was acquired by SuperValu, Inc. in 1999 as part of its purchase of Richfoods Holdings, Inc. Defendant SuperValu, Inc. is synonymous with Shoppers Food Warehouse and is referred to interchangeably as "Shoppers" in this opinion.

## I.  STANDARD OF REVIEW

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).  A court must construe the facts alleged and reasonable inferences in favor of the nonmoving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

To prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of fact exists and that it is entitled to judgment as a matter of law.  *Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).  The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp.*, 477 U.S. at 323.  "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  *Id*. at 325.

"Once the moving party discharges its burden . . . , the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial."  *Kitchen v. Upshaw*, 286 F.3d 179, 182 (4th Cir. 2002).  Where the nonmoving party has the burden of proof, it is that party's responsibility to confront the motion for summary judgment with an affidavit or other similar record evidence.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The

disputed facts must be material to an issue necessary for the proper resolution of the case." *Thompson Everett, Inc. v. Nat'l. Cable Adver., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

## II. BACKGROUND

Plaintiff testified that he entered Shoppers to make a purchase.  Plaintiff's deposition ("Pl's Dep.") at 19.  While in the store, Plaintiff spoke with Defendant Shoppers' employee, "Charles," requesting funds owed Plaintiff.  *Id.*  "Charles" then spoke with two men and pointed out Plaintiff.  Pl's Dep. at 20.  These two unnamed men are referred to as parties in this case and identified by Plaintiff and Defendant Shoppers as two lost prevention officers/employees ("Defendant's Employees").  These employees approached Plaintiff with two bottles of Heineken beer and stated, "We are police officer [sic]."  Pl's Dep. at 20, 37.

One of Defendant's Employees then placed a Heineken bottle against Plaintiff's chest and invited Plaintiff to "get it."  Pl's Dep. at 20.  Plaintiff refused and was forcibly hit in the chest with a bottle of beer causing Plaintiff to stagger.  *Id.*  Defendant's second employee then knocked Plaintiff to the ground.  *Id.*  Plaintiff sustained a cut on the head during the fall.  Pl's Dep. at 32.  Defendant's Employees proceeded to kick and beat upon Plaintiff after he was on the ground.  Pl's Dep. at 20.  Plaintiff thought that the men were trying to rob him.  Pl's Dep. at 33.  Plaintiff became unconscious and was handcuffed at the ankles and hands and dragged into Defendant Shoppers' cold storage refrigeration unit.[2]  Pl's Dep. at 20, 38.  The possession of

---

[2] The record is not clear whether both hands and/or both feet were handcuffed.

handguns and/or the use of handcuffs in subduing Plaintiff led Plaintiff to believe that Defendant's Employees were police officers. Pl's Dep. at 37.

A third individual, dressed in plain clothes and armed with a gun and handcuffs, interrogated Plaintiff as to his intent to steal beer, but did not beat Plaintiff. Pl's Dep. at 37, 38. He told Plaintiff he was a police officer but showed no identification and left Plaintiff bound. Pl's Dep. at 37. Defendant's store manager also briefly spoke with Plaintiff and walked away. Pl's Dep. at 41.

While in cold storage, "Charles" visited Plaintiff. "Charles" stated, "I told you anytime you harass me I am [sic] get people beat you." *Id.* Plaintiff remained in cold storage for approximately forty five minutes. Plaintiff used his cellular phone while handcuffed to summon emergency services. Within fifteen minutes, Prince George's County Police responded to the scene along with an ambulance. Pl's Dep. at 45.

When the police officers arrived on the scene, Plaintiff was still handcuffed. Plaintiff received medical attention and his eye and ankles were bandaged. *Id.* The police ordered Defendant's Employees to release Plaintiff. Pl's Dep. at 46. Plaintiff credited Prince George's County Police with rescuing him from his ordeal. *Id.*

After his release, Plaintiff presented at Washington Adventist Hospital for treatment of injuries sustained from Defendants. Pl's Dep. at 48. Plaintiff was kept overnight.

Plaintiff filed a generalized claim under Title 42 of the United States Code, section 1983, alleging a violation of the Fourth and Fifth Amendments of the United States Constitution (Count I), false imprisonment (Count II), assault (Count III), battery (Count IV), intentional infliction of emotional distress (Count V), negligence (Count VI), and gross negligence (Count

VII).  Defendant Shoppers and Defendant's two loss prevention officers/employees are the only parties to this matter.

Defendant Shoppers contends that the undisputed facts fail to establish: (1) a 42 U.S.C. § 1983 claim, (2) an intentional infliction of emotional distress claim, and (3) a gross negligence claim.

### III.  DISCUSSION

When one party files a motion for summary judgment, the nonmovant cannot merely rely on matters pled in complaint, but must, by factual affidavit or the like, respond to the motion. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); Fed. R. Civ. P. 56(e).  Those submissions become record evidence.  Defendant Shoppers correctly argues that Plaintiff presents absolutely no record evidence in support of its claims.  Defendant's Reply at 4.  At this late stage, this is cause for alarm.  *Cray Commc'n., Inc. v. Novatel Computer Sys., Inc.* 33 F.3d 390, 394 (4th Cir. 1994) (stating a party cannot raise issue of material fact without record evidence mandating a grant of summary judgment for the moving party).

The *Cray* court found appellant's opposition "made no effort to call the Court's attention to evidence in the record [Defendant's motion] overlooked." *Id.*  The appellant submitted "not a single affidavit, deposition, answer to an interrogatory, or admission on file." *Id.*  Discovery had closed, and the appellant did not file any requests for continuance to take additional discovery.  The appellant "had a full and fair opportunity to discover relevant evidentiary material and to present that material to the Court." *Id.*  The appellant simply had not seized that opportunity.  Thus, the *Cray* court held Plaintiff "failed to satisfy its burden of production under Rule 56." *Id.*  Plaintiff comes frightfully close to the same facts and, consequently, the same result.

### A. Plaintiff Cannot Establish Defendant Shoppers' § 1983 Liability Under the Doctrine of Respondeat Superior

Federal law provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  To state a § 1983 claim against Defendant Shoppers, Plaintiff must show Shoppers, through its employees, deprived him of a right secured by the Constitution or laws of the United States while acting under color of state law.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999).

Defendant Shoppers' liability in Count I is based on respondeat superior.  Plaintiff alleges that Defendant's Employees were "acting as agents for the Defendant Shopper's Food Warehouse."  Complaint ¶ 17.  However, Plaintiff fails to present record evidence that Defendant Shoppers' official policies or customs "caused" the depravation of his civil rights.

In the Fourth Circuit, an employer has no § 1983 liability predicated solely on respondeat superior.[3]  *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (1982) (holding that an individual can not recover from guard's employer on doctrine of respondeat superior under § 1983).  Thus, even if Plaintiff's record evidence successfully establishes a prima facie § 1983 cause of action as against Defendant's Employees, his claim is flawed as against Defendant Shoppers.

---

[3] This opinion does not reach Defendant Shoppers' argument for summary judgment based on the Eight Circuit's decision in *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) because this issue is well-settled in the Fourth Circuit.

In *Powell*, the appellant brought a § 1983 claim against a shopping center for the tortious conduct of its state-licensed security guard, an employee who had police powers pursuant to Maryland statute. The appellant was arrested and prosecuted for assault and battery, disturbing the peace, and resisting arrest. He was subsequently acquitted of all charges. The appellant sued the shopping center charging that the guard, while acting under color of state law, deprived him of his civil rights.

The *Powell* court affirmed the district court's dismissal of the shopping center as a party holding that respondeat superior could not be invoked under § 1983. The Court relied exclusively on the reasoning of the Supreme Court in *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658 (1978) (holding that a municipal corporation cannot be saddled with § 1983 liability under respondeat superior alone). Finding no distinction between a municipal and private corporation, the *Powell* court extended *Monell's* holding to private corporations.

After *Powell*, in the Fourth Circuit, a private corporation may not be sued for an injury inflicted solely by its employees: "A private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Here, Plaintiff's record evidence cannot establish that Shoppers inadequately trained or had customs, policies or practices proximately causing Plaintiff's injury. Accordingly, the Court grants Defendant's Motion as to Count I.

  **B.** **Plaintiff's Record Evidence Cannot Sustain a Claim for Intentional Infliction of Emotional Distress.**

The elements of the tort of intentional infliction of emotional distress are: (1) intentional or reckless conduct, (2) that was extreme and outrageous, (3) the conduct caused plaintiff's emotional distress, and (4) plaintiff's emotional distress was severe. *Harris v. Jones*, 281 Md. 560, 566, 380 A.2d 611, 614 (1977). *Harris* cautioned that courts must assure that each of the four elements of the tort are established by legally adequate proof.

Plaintiff fails to allege or present legally adequate proof of severe emotional distress. In *Harris*, the Court of Appeals said that the fourth element of the tort "requires the plaintiff to show that he suffered a severely disabling emotional response to the defendant's conduct. The severity of the emotional distress is not only relevant to the amount of recovery, but is a necessary element to any recovery." *Id.* at 570, 380 A.2d at 616. For emotional distress to be severe, it must be so acute that "no reasonable man could be expected to endure it." *Id.* at 571, 380 A.2d at 616 (quoting Restatement (Second) of Torts § 46 cmt. j (1965)). Severity is measured by the intensity of the response as well as its duration. *Id.*, 380 A.2d at 616.

Here, Plaintiff submits no record evidence of medical or psychological treatment. At best, Plaintiff's deposition testimony shows he presented at Washington Adventist Hospital for treatment of injuries sustained at the hand of Defendant Shopper's employees. Plaintiff's Complaint fails to even allege any disabling emotional response to events in the instant case. In light of the record evidence, Plaintiff's proof does not satisfy the standard for compensable emotional distress and the Court grants Defendant's Motion on Count V.

    **C.**    **Plaintiff's Record Evidence Cannot Sustain a Claim for Gross Negligence.**

"Gross negligence is a technical term: it is the omission of that care 'which even inattentive and thoughtless men never fail to take of their own property,' it is a violation of good

8

faith. . .. It implies malice and evil intention." *Foor v. Juvenile Serv. Admin.*, 78 Md. App. 151, 170, 552 A.2d 947, 956, (1989) citing *Bannon v. B. & O. R.R. Co.*, 24 Md. 108, 124 (1866). That standard has remained more or less intact.

The Court of Appeals held that "a wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist." *Romanesk v. Rose*, 248 Md. 420, 423, 237 A.2d 12, 14 (1968). When dealing with such a standard, bald and conclusory allegations will not suffice; specificity is required. *Id.*; *See also Tatum v. Gigliotti*, 80 Md. App. 559, 565 A.2d 354 (1989).

Count VII of Plaintiff's Complaint states two conclusory paragraphs. Plaintiff baldly asserts that Defendants were negligent in the performance of their duties. Plaintiff fails to present any record evidence that Defendant Shoppers acted with malice and evil intention. Plaintiff's evidence also cannot establish that Defendant Shoppers failed to perform a manifest duty in reckless disregard for the consequences affecting the life or property of another.

In summary, Plaintiff completely fails to allege or prove the kind of wanton, wilful, or reckless conduct on the part of Defendant Shoppers necessary to sustain an action for gross negligence. Defendant Shoppers is entitled to summary judgment on Count VII.

## IV.  CONCLUSION

For the forgoing reasons, Defendant Shoppers' Motion for Partial Summary Judgment is GRANTED on Title 42 of the United States Code, section 1983 (Count I), intentional infliction of emotional distress (Count V), and gross negligence (Count VII).

/s/
Charles B. Day
United States Magistrate Judge

January 26, 2006

CBD:jab